IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH T. JOHNSON

    v.                       :      CIVIL ACTION NO. PWG-10-3139

                                   :

MICHAEL J. ASTRUE,         :
COMMISSIONER OF SOCIAL
SECURITY                     :

**MEMORANDUM**

Joseph T. Johnson, (sometimes referred to as "Claimant" or "Mr. Johnson") filed this action seeking judicial review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security denying his applications for Disability Insurance benefits ("DIB") and Supplemental Security Income ("SSI"). Pending is the Defendant's Motion for Summary Judgment[2]. (ECF No. 18). By consent of the parties, this case was referred to me pursuant to 28 U.S.C. § 636(c) and Local Rule 301. (ECF No. 12). For the reasons that follow, I find that the decision

---

[2] On January 20, 2011, a scheduling order was entered and Plaintiff's Motion for Summary Judgment was due August 20, 2010. As of the date of this Memorandum, and despite the Court's issuance of a Rule 12 letter, Plaintiff has not filed a Motion for Summary Judgment, nor has he filed a Memorandum in opposition to the Commissioner's motion for Summary Judgment. (ECF Nos. 16,17,18). Regardless of Mr. Johnson's failure to file a Motion for Summary Judgment, this Court is required to review the ALJ's conclusions and determine whether they are legally correct. *See Meyers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980).

of the Commissioner should be affirmed. No hearing is necessary. Local Rule 105.

## I. PROCEDURAL HISTORY

On April 3, 2008, Mr. Johnson filed applications for DIB and SSI benefits with an alleged onset date of December 14, 2007, as a result of an ankle injury/fracture. (Tr. 60, 135-145).  His applications were denied initially, and upon reconsideration. (Tr. 72-84).   At his request, a hearing was held before an Administrative Law Judge ("ALJ"), the Honorable William F. Clark, on March 17, 2010, and Mr. Johnson, who was not represented by counsel[3], appeared and testified. (Tr. 30-52).   In a decision dated March 19, 2010, the ALJ found that Mr. Johnson was not disabled within the meaning of the Act. (Tr. 60-67). On October 29, 2010, the Appeals Council denied Mr. Johnson's request for review, thereby adopting the ALJ's decision as the "final decision" of the Commissioner.(Tr. 1-3).

## II. ALJ'S DECISION

---

[3] Mr. Johnson was not represented by counsel at the first administrative hearing on January 8, 2010, and he was notified by the ALJ of his right to have a representative. (Tr. 11-14). The hearing was rescheduled by the ALJ for March 17, 2010 in order to allow Mr. Johnson to retain counsel.(Tr. 18-22).  At the rescheduled hearing Mr. Johnson chose to proceed without representation. (Tr. 29-31).  In this Court he is a pro-se plaintiff. On November 16, 2010, Mr. Johnson requested that counsel be appointed for him.  His request was denied. *(ECF* No. 6, 11).  Considering the type, complexity of this case and the merits of plaintiff's claim, his most recent request for appointment of counsel is also DENIED. (ECF No. 17). *See Whisenaut v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984).

The ALJ evaluated Mr. Johnson's claims for benefits using the sequential processes set forth in 20 C.F.R. §§ 404.1520, 416.9920. (Tr. 60-67). At step one, the ALJ found that he had not engaged in substantial gainful activity. (Tr. 12). At step two, the ALJ found that Mr. Johnson's fractured ankle did not constitute a severe impairment as that term is defined in the Commissioner's Regulations. (Tr. 17). While the analysis could have ended there, the ALJ alternatively found that even if Mr. Johnson's ankle injury was a severe impairment at step three, he did not have an impairment that met, or equaled in severity, any of listed impairments found in the Commissioner's Regulations. (Tr. 63-65). Next, the ALJ determined that Mr. Johnson retained the residual functional capacity ("RFC")to perform less than a full range[1] of light work as it is defined in 20 CFR §§404.1567(b) and 416.967(b). (Tr. 65). Based on his RFC, the ALJ next found that Mr. Johnson was unable to perform any of his past relevant work ("PRW"). Based on his RFC, age, education, and after receiving testimony from a vocational expert ("VE"), the ALJ found that there was work available in the local and national economies which Claimant could perform. (Tr. 66).

---

[1] The ALJ found Mr. Johnson was limited as follows: he was limited to unskilled work; he required a sit/stand option; he could not climb ropes or ladders; and he had to avoid exposure to hazardous moving machinery and unprotected heights. (Tr. 65).

Accordingly, the ALJ determined that Mr. Johnson was not disabled.

### III. STANDARD OF REVIEW

The Commissioner's decision must be upheld if supported by substantial evidence which is more than a scintilla, but less than a preponderance, and sufficient to support a conclusion in a reasonable mind. *See* 42 U.S.C. §405(g) (1998); *see also King v. Califano*, 599 F.2d 597 (4th Cir. 1979); *Teague v. Califano*, 560 F.2d 615 (4th Cir. 1977); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). This Court may not weigh conflicting evidence, determine credibility, or substitute its judgment for the Commissioner's. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Although deferential, this standard of review does not require acceptance of a determination by the Commissioner which applies an improper standard, or misapplies the law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Following its review this Court may affirm, modify or reverse the Commissioner, with or without a remand. *See* 42 U.S.C.§405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

### IV. DISCUSSION

The Defendant asserts that the Commissioner's final decision is supported by substantial evidence and should be affirmed. After careful review of the entire record and the ALJ's decision, I agree with the Commissioner.

In this case, after finding that Mr. Johnson had not engaged in any substantial gainful activity ("SGA") since his

alleged onset date, the ALJ was required to determine whether Mr. Johnson suffered from any medically determinable impairments that were "severe", as that term is defined in the Regulations. First and foremost, it must be noted that the Claimant bears the burden of proving that an impairment is severe. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).   In his decision, the ALJ thoroughly discussed Mr. Johnson's medical records and found that his ankle fracture did not constitute a severe impairment since Mr. Johnson had not produced substantial evidence that his ankle fracture significantly limited his ability to perform basic work activities for a period lasting more than 12 months. (Tr. 64).   Alternatively, however, the ALJ continued with the sequential evaluation and assumed that Mr. Johnson's ankle fracture was a severe impairment.   At step three, the ALJ found that Mr. Johnson's ankle fracture did not meet or medically equal a listing. Next, the ALJ determined that Mr. Johnson retained the RFC to perform a range of light work. (Tr. 64-65). The ALJ found Mr. Johnson was limited as follows: he was limited to unskilled work; he required a sit/stand option; he could not climb ropes or ladders; and he should avoid exposure to hazardous moving machinery and unprotected heights. (Tr. 65). Based on Mr. Johnson's age, education, and RFC, and after receiving testimony from a vocational expert ("VE"), the ALJ found there was work available in the local and national

economies that Mr. Johnson could perform.   Accordingly the ALJ found that he was not disabled. (Tr. 60-67).

The medical evidence in the administrative record shows that in December 2007, Mr. Johnson sustained a fracture while he was incarcerated. He was treated at Carroll Hospital Center by Dr. Steven Breiter, where Mr. Johnson's x-ray films were reviewed and a fiberglass splint was applied to his leg. (Tr. 253).  Upon his release from prison, Mr. Johnson was seen at Mercy Medical Center.  Mr. Johnson was examined by Dr. Kathryn Pebras on March 28, 2008.  Dr. Pebras noted that Mr. Johnson's x-rays showed a healing fracture. (Tr. 247-248).  Two state agency physicians, Dr. Rudin and Dr. Totoonchie, reviewed Claimant's medical records and both completed physical residual functional capacity assessment forms and stated, among other things, that Mr. Johnson could perform work that was medium level in exertion, but that he could only balance occasionally. (Tr. 261-266, 268-274).  Medical records from Total Health Care dated July 2008, stated that Mr. Johnson was complaining of an ankle sprain.  (Tr. 278-280).

In addition to the medical records, the ALJ's decision included an analysis of the subjective evidence presented by Claimant, including his function reports discussing his daily activities, and his testimony at the hearing. (Tr. 63-65).

After review of the entire record, I find that the ALJ's finding that Mr. Johnson's ankle pain was not totally disabling is supported by substantial evidence. For example in his function report, Mr. Johnson stated that his daily activities included exercising his ankle, shopping for food at the market, cooking,

and taking care of his laundry and appointments. (Tr. 164-166, 201).   Mr. Johnson also testified that he takes tramadol, naproxen, and motrin for his ankle pain. (Tr. 35, 227).

The Court's independent review of the entire administrative record in this case leads to the conclusion that the ALJ's finding that Mr. Johnson is not disabled as contemplated by the Regulations and can perform a range of light work is supported by substantial evidence. In presenting hypotheticals to the VE, the ALJ instructed the VE to consider a hypothetical individual with the same education, age, and past relevant work experience as Mr. Johnson who could perform unskilled work at the light exertional level. However this individual also had to be able to sit or stand at will, could never climb ladders, ropes, or scaffolds, and could not work at unprotected heights, or around hazardous moving machinery.  With these limitations, the VE testified that there were jobs in the local and national economies such as an assembler, a copier operator, and a cashier. (Tr. 50).

I conclude that the ALJ's RFC is consistent with, and is supported by the state agency physicians' findings and the record as a whole, including Mr. Johnson's reports of daily living activities[2].

## V. CONCLUSION

Because the ALJ's decision is supported by substantial evidence, the Commissioner's Motion for Summary Judgment will be

---

[2]Mr. Johnson stated in his function report that he could lift 60 pounds. (Tr. 168).

granted and the Claimant's Motion will be denied.  A separate

Order will issue.

                                        /S/
                        _____
                        Paul W. Grimm
                        United States Magistrate Judge

DATED:____1/23/12___